IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC, § <br> as Broadcast Licensee of the June 7, 2014 § <br> Miguel Cotto v. Sergio Martinez WBC § <br> Welterweight Championship Fight Program, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> 1) BEEFY'S 2 LIMITED LIABILITY § <br> COMPANY, individually and d/b/a BEEFY'S § <br> a/k/a BEEFY'S FAT BURGERS, TACOS AND § <br> DOGS; and § <br> 2) MARISELA VALENZUELA, individually and § <br> d/b/a BEEFY'S a/k/a BEEFY'S FAT BURGERS, § <br> TACOS AND DOGS, § <br> § <br> Defendants. § | | Civil Action No. 1:17-cv-00118 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants 1) Beefy's 2 Limited Liability Company, individually and d/b/a Beefy's a/k/a Beefy's Fat Burgers, Tacos and Dogs ("Beefy's"); and 2) Marisela Valenzuela, individually and d/b/a Beefy's a/k/a Beefy's Fat Burgers, Tacos and Dogs ("Valenzuela") (collectively "Defendants").

PARTIES

1.   Plaintiff.   J&J Sports Productions, Inc., as Broadcast Licensee of the June 7, 2014 Miguel Cotto v. Sergio Martinez WBC Middleweight Championship Fight Program, is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2. <u>Defendant Beefy's.</u> Beefy's 2 Limited Liability Company is a Texas limited liability company doing business as Beefy's a/k/a Beefy's Fat Burgers, Tacos and Dogs, located at 3025 Boca Chica, Ste. B, Brownsville, TX 78520 (the "Establishment") from its principal place of business, located at 2370 Calle Esplendida, Brownsville, TX 78521. On the date of the Event (as defined herein), Defendant Beefy's:

    A. held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment;

    B. owned and/or operated the Establishment;

    C. had a right and ability to supervise the activities of the Establishment; and

    D. had an obvious and direct financial interest in the activities of the Establishment.

Defendant Beefy's may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to its registered agent for service of process, Marisela Valenzuela, at 3025 Boca Chica, Ste. B, Brownsville, TX 78520; or at 2370 Calle Esplendida, Brownsville, TX 78521; or at 3001 Pablo Kisel Blvd., Ste. B, Brownsville, TX 78526.

3. <u>Defendant Valenzuela.</u>  Marisela Valenzuela is an individual residing in the State of Texas.  On the date of the Event (as defined herein), Defendant Valenzuela:

    A. was an owner and/or manager of the Establishment;

    B. was an officer and/or owner of the entity owning the Establishment;

    C. had a right and ability to supervise the activities of the Establishment; and

    D. had an obvious and direct financial interest in the activities of the Establishment.

Defendant Valenzuela may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant Valenzuela at 3025 Boca Chica, Ste. B, Brownsville, TX

78520; or at 2370 Calle Esplendida, Brownsville, TX 78521; or at 3001 Pablo Kisel Blvd., Ste. B, Brownsville, TX 78526.

## STATEMENT OF JURISDICTION

4. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

## VENUE

5. Venue is proper in this District because Defendants reside in this District.

## STATEMENT OF THE CLAIM

6. <u>Authorization to License Event</u>. Plaintiff is the license company authorized to sub-license the closed-circuit telecast of the June 7, 2014 Miguel Cotto v. Sergio Martinez WBC Middleweight Championship Fight Program, including undercard or preliminary bouts[1] (collectively the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

7. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if the establishment was contractually authorized to do so by Plaintiff.

8. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

---

[1] Two of the bouts for the Event included the fight between Miguel Cotto and Sergio Martinez and the fight between Jorge Melendez and Javier Maciel.

9. <u>Exhibition of the Event</u>. The transmission of the Event originated via satellite and was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

10. The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit, and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents to obtain the rights to broadcast the Event.

11. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

12. On June 7, 2014, Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event. Defendants then transmitted, divulged, and published said communication, or assisted in transmitting, divulging, and publishing said communication, to patrons within the Establishment.

13. Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

14. Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

15. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

16. Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

### VIOLATION OF 47 U.S.C. § 553

17. Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 553.

## COUNT II

### VIOLATION OF 47 U.S.C. § 605

18. Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605.

### DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants 1) Beefy's 2 Limited Liability Company, individually and d/b/a Beefy's a/k/a Beefy's Fat Burgers, Tacos and Dogs; and 2) Marisela Valenzuela, individually and d/b/a Beefy's a/k/a Beefy's Fat Burgers, Tacos and Dogs, jointly and severally, for:

(a) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)  Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f)  Pre and post-judgment interest at the highest rate permitted by law; and

(g)  Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: /s/ David M. Diaz
David M. Diaz
Attorney-in-charge
State Bar No. 24012528
Southern District Bar No. 889588
ddiaz@kbdtexas.com
Andrew R. Korn
State Bar No. 11683150
Southern District Bar No. 13801
akorn@kbdtexas.com

THE KORN DIAZ FIRM
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Facsimile

ATTORNEYS FOR PLAINTIFF
J&J SPORTS PRODUCTIONS, INC.